Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| EL PUEBLO DE PUERTO RICO<br><br>Parte recurrida<br><br>v.<br><br>NEGRÓN DÍAZ, ANGEL G.<br><br>Parte peticionaria | TA2026CE00832 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Crim. núm.: K BD2018G0459<br><br>Sobre: Tent A182/Apropiación Ilegal Agravada |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pérez Ocasio y la Jueza Trigo Ferraiuoli.

Trigo Ferraiuoli, jueza ponente.

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de junio de 2026.

Comparece ante nos, el peticionario, Ángel Negrón Díaz (Negrón Días o peticionario), mediante documento titulado *Apelación* presentado el **23 de junio de 2026**[1], recibido por nuestra Secretaria el 29 de junio 2026. En su escrito, Negrón Díaz solicita revisemos la orden emitida el 21 de mayo de 2026, **notificada el 22 de mayo de 2026**, por el Tribunal de Primera Instancia, Sala de San Juan (TPI). En virtud del aludido dictamen, el TPI declaró No Ha Lugar la solicitud de Negrón Díaz sobre la aplicación de la Ley Núm. 85-2022, según enmendada.

Examinado el recurso, surge que Negrón Díaz presentó el recurso habiendo expirado el término jurisdiccional para acudir ante nos. Dicho término venció el pasado 22 de junio de 2026[2]. Por

---

[1] El recurso aparece suscrito por el recurrente el 23 de junio de 2026 y tiene el sello oficial de la institución penal. Conforme resuelto por el Tribunal Supremo en *Álamo Romero v. Adm. de Corrección*, 175 DPR 314, 323 (2009), "en los casos de revisión judicial de decisiones administrativas de la Administración de Corrección en procedimientos disciplinarios instados por reclusos por derecho propio, se entenderá que el recurso fue presentado **en la fecha de entrega a la institución carcelaria**." (Énfasis nuestro).

[2] El término para acudir en revisión vencía el domingo, 21 de junio de 2026, por lo que Negrón Díaz disponía hasta el lunes, 22 de junio de 2026 para presentar su recurso.

consiguiente, carecemos de jurisdicción para entender el recurso, y desestimamos el mismo, por tardío.

## I.   Trasfondo fáctico y procesal

El 27 de enero de 2026, Negrón Díaz presentó ante el foro sentenciador un escrito intitulado *Al Honorable Tribunal,* en el cual, a grandes rasgos, solicitó que no se le aplicaran las disposiciones de la Ley Núm. 85, *supra,* en su sentencia, debido a que no le beneficiaban para cualificar más rápido para el beneficio de libertad bajo palabra.

Conforme surge del expediente apelativo, el 10 de febrero de 2026, el TPI le concedió un término al Ministerio Público para expresar su posición. Negrón Díaz expuso que, ante el incumplimiento del Ministerio Público en expresar su posición, este presentó una moción informando el incumplimiento[3]. El 27 de abril de 2026, notificada el 28 de abril de 2026, el TPI nuevamente concedió término al Ministerio Público.  En respuesta, Negrón Díaz expresó que presentó una segunda moción informando el incumplimiento del Ministerio Público[4]. De ahí que, el 21 de mayo de 2026, *notificada el 22 de mayo de 2026,* el TPI emitiera la orden recurrida en la que declaró No Ha Lugar lo solicitado por Negrón Díaz.

En desacuerdo, Negrón Díaz acude ante este foro mediante recurso presentado el 23 de junio de 2026, recibido por nuestra Secretaria el 29 de junio de 2026. Negrón Díaz no formuló señalamientos de error y no nos puso en condición de entender en qué incidió el foro primario al denegar su solicitud, pues tampoco nos acompañó la moción sobre la cual el foro primario emitió la orden recurrida. En esencia, Negrón Díaz nos solicita que

---

[3] Negrón Díaz no incluyó copia de la referida moción.
[4] Negrón Díaz no incluyó copia de la moción, por lo que no podemos auscultar el alcance de la orden recurrida.

declaremos "Ha Lugar esta moción" y que "se [l]e resten los días de bonificación que se le sumaron a [su] tabla de sentencia y se [l]e bonifiquen los 7 meses (siete (sic) que llev[a] trabajando."[5]

A la luz de lo anterior, resulta evidente que el recurso se presentó luego de transcurrido el término jurisdiccional para acudir en revisión ante esta Curia, y que, además, este no cumple con los requisitos de nuestro Reglamento. Por consiguiente, no tenemos jurisdicción para entender en el mismo.

## II.    Derecho aplicable

### a. Jurisdicción

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia. *Maldonado v. Junta de Planificación, 171 DPR 46, 55 (2007).* La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. Íd.  Los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).  Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Systems Analysis, Inc.*, 158 DPR 345, 355 (2003). Un recurso es prematuro cuando es presentado en el tribunal antes de que dicho foro tenga jurisdicción para atenderlo. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008), *Pueblo v. Santana Rodríguez*, 148 DPR 400, 402 (1999).  Su presentación no produce efecto jurídico alguno, ya que la falta de jurisdicción es un defecto insubsanable. *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000).  Por lo tanto, el tribunal no puede intervenir en un recurso prematuro y deberá desestimar el caso, al concluir que no hay jurisdicción.  Regla 83 del Reglamento del Tribunal de Apelaciones[6].

### III.    Aplicación del derecho a los hechos

---

[5] Véase, página 3 del recurso.

[6] Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).

Conforme expusimos anteriormente, Negrón Díaz acudió tardíamente en revisión ante este foro intermedio, por lo que carecemos de jurisdicción para atender su recurso. En cualquier caso, e independientemente de lo anterior, el recurso también incumple sustancialmente con los requisitos reglamentarios aplicables, por lo que Negrón Díaz no nos colocó en posición de poder entender en el asunto y revisar la determinación de la cual recurre. En consecuencia, procede desestimar el recurso, por falta de jurisdicción.

**IV.     Parte dispositiva**

Por los fundamentos que anteceden, se desestima el recurso, por tardío.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones